# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA

IN RE:   *PRO SE* ACTIONS FILED
        BY PRINCESS AMINA SALVADOR      4:95mc40111

_____/

# **O R D E R**

*Pro se* Plaintiff, Princess Amina Salvador, recently filed 52 civil actions[1] in the Northern District of Florida. On review of the papers filed in the cases listed below, and with the concurrence of all district judges assigned to these cases, the Court has *sua sponte* determined that these cases present common questions of law and fact such that they should be handled in a singular administrative manner.

| | |
|---|---|
| 3:17-cv-00919-RV-EMT | SALVADOR v. BEAZZO |
| 3:17-cv-00920-LC-CJK | SALVADOR v. DOUGLAS |
| 3:18-cv-00013-RV-CJK | SALVADOR v. SYKES |
| 3:18-cv-00014-RV-EMT | SALVADOR v. ARIAL |
| 3:18-cv-00015-MCR-CJK | SALVADOR v. NORMAN |
| 3:18-cv-00016-LC-CJK | SALVADOR v. ARIAL |
| 3:18-cv-00017-LC-EMT | SALVADOR v. SIMMONS |

---

[1] Four of the 52 cases have been previously disposed of leaving 48 cases pending.

| | |
|---|---|
| 3:18-cv-00018-LC-EMT | SALVADOR v. LIPPMAN |
| 3:18-cv-00019-MCR-CJK | SALVADOR v. TRAFFORD |
| 3:18-cv-00020-LC-CJK | SALVADOR v. HAMTY |
| 3:18-cv-00021-LC-EMT | SALVADOR v. FITZPATRICK |
| 3:18-cv-00022-MCR-CJK | SALVADOR v. MORTON |
| 3:18-cv-00023-LC-EMT | SALVADOR v. DEFONTE |
| 3:18-cv-00024-LC-EMT | SALVADOR v. CREWS |
| 3:18-cv-00025-LC-CJK | SALVADOR v. LARRYMORE |
| 3:18-cv-00026-RV-EMT | SALVADOR v. WORTHINGTON |
| 3:18-cv-00027-MCR-CJK | SALVADOR v. TAYLOR |
| 3:18-cv-00028-MCR-EMT | SALVADOR v. THAMES |
| 3:18-cv-00029-LC-CJK | SALVADOR v. HANSON |
| 3:18-cv-00030-LC-CJK | SALVADOR v. BROWNLEE |
| 3:18-cv-00031-RV-EMT | SALVADOR v. MCKENDRICK |
| 3:18-cv-00032-LC-EMT | SALVADOR v. MORGAN |
| 3:18-cv-00033-LC-CJK | SALVADOR v. BLUE |
| 3:18-cv-00034-MCR-CJK | SALVADOR v. KIRKLAND |
| 3:18-cv-00048-LC-EMT | SALVADOR v. HARVEY |

| | |
|---|---|
| 3:18-cv-00049-RV-EMT | SALVADOR v. GRIFFITHS |
| 3:18-cv-00050-LC-CJK | SALVADOR v. BLUE |
| 3:18-cv-00051-RV-CJK | SALVADOR v. WALTON |
| 3:18-cv-00052-MCR-EMT | SALVADOR v. TAYLOR |
| 3:18-cv-00053-LC-EMT | SALVADOR v. COLLINS |
| 3:18-cv-00054-MCR-CJK | SALVADOR v. STEPHENS |
| 3:18-cv-00055-LC-CJK | SALVADOR v. RAY |
| 3:18-cv-00056-LC-EMT | SALVADOR v. VELEZ |
| 3:18-cv-00057-MCR-CJK | SALVADOR v. REY |
| 3:18-cv-00058-LC-EMT | SALVADOR v. VELLAFANE |
| 3:18-cv-00059-LC-EMT | SALVADOR v. PETERFIELD |
| 3:18-cv-00060-LC-CJK | SALVADOR v. JONES |
| 3:18-cv-00061-MCR-EMT | SALVADOR v. EMILY |
| 3:18-cv-00062-RV-CJK | SALVADOR v. GRIFFITH |
| 3:18-cv-00063-RV-EMT | SALVADOR v. REED |
| 3:18-cv-00064-MCR-CJK | SALVADOR v. DIAZ |
| 3:18-cv-00065-MCR-CJK | SALVADOR v. WARD |
| 3:18-cv-00066-LC-EMT | SALVADOR v. IMMIGRATION CUSTOM AND ENFORCEMENT |

| | |
|---|---|
| 3:18-cv-00068-LC-EMT | SALVADOR v. BOWEN |
| 3:18-cv-00069-RV-EMT | SALVADOR v. BAKER COUNTY JAIL |
| 3:18-cv-00128-MCR-EMT | SALVADOR v. LIPPMAN |
| 3:18-cv-00131-MCR-CJK | SALVADOR v. BENTON |
| 3:18-cv-00144-RV-EMT | SALVADOR v. WILSON |

The magistrate judge in each of the listed actions has entered a Report and Recommendation wherein it was recommended that the case be transferred to the Middle District of Florida because the events on which the action was based occurred solely within the Middle District. It was also noted that the Northern District of Florida has no apparent relation to the action.

The Report and Recommendation was mailed to Plaintiff at Baker County Jail in Macclenny, Florida, but was returned to the Court with the notation that Plaintiff was no longer housed there. Information gathered by the Clerk indicated that Plaintiff was relocated to the Glade County Detention Center, and the Report and Recommendation was then sent to Plaintiff at the street address there. However, the mailing was again returned to the Court marked "Return to Sender" with the notation that the letter was undeliverable at that address.

For the reasons addressed herein, the Court determines that the cases should not be transferred to the Middle District of Florida but should be dismissed without prejudice. Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." When venue is improper, the interests of efficiency and fairness generally make it preferential to transfer the case to a district where venue is proper. Goldlawr, Inc., v. Heiman, 369 U.S. 463, 467 (1962); World Holdings, LLC v. Federal Republic of Germany, 2009 WL 10664174 at *2 (S.D. Fla. May 22, 2009) (citing Davis v. Am. Society of Civil Engineers, 290 F. Supp. 2d 116, 120 (D.D.C. 2003)). Nonetheless, as the statute provides, a court in its sound discretion may dismiss the case rather than transfer it. Piper Aircraft Co. v. Reyno, 102 S.Ct. 252, 266 (1981); First of Michigan Corp. v. Bramlet, 141 F.3d 260, 262 (6th Cir. 1998); Hapaniewski v. City of Chicago Heights, 883 F.2d 576, 578 (7th Cir.1989).

In the cases filed in this Court, Plaintiff has failed to keep the Court apprised of her change in address as directed by the Court.[2] Not having a correct or reliable

---

[2] As per its regular practice, the Court sent Plaintiff a Notice to Pro Se Litigant form that sets out many procedures and requirements attendant to civil litigation, including the following: "Throughout this case, you are required to advise the Clerk's Office in writing of any change in your mailing address by filing a Notice of Change of Address.".

address for Plaintiff will only serve to compound the difficulty of effecting a transfer to the Middle District, not to mention the fact that the Middle District may well receive a case for which they are unable to locate its primary party. Furthermore, this problem is significantly compounded by the fact that, at last count, Plaintiff had filed 52 cases in this court, nearly all of which are in the same procedural posture and would therefore be slated for transfer. It would therefore be a far greater conservation of judicial resources to dismiss these cases rather than transfer them.

Accordingly, the Court exercises its discretion under 28 U.S.C. § 1406(a) to dismiss Plaintiff's cases without prejudice. Should Plaintiff remain interested in continuing to litigate the cases, she should file a new cause of action in the Jacksonville Division of the Middle District of Florida.

Having considered the foregoing, I have determined that the Report and Recommendation in each of Plaintiff's cases should be adopted, but with the alteration that the cases be dismissed without prejudice.

Accordingly, it is now **ORDERED** as follows:

1. The magistrate judge's Report and Recommendation in each of the cases listed herein is adopted and incorporated by reference in this Order, but the recommendation has been altered as discussed in this Order.

2. The listed cases are **DISMISSED** without prejudice under 28 U.S.C. § 1406(a).

3. The clerk of court is directed to file a copy of this Order in each case and to close the files accordingly.

**DONE AND ORDERED** this 12th day of February 2018.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**